UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

FAUSTINO PUJOLS and RUSS
DECKLER,

                              Plaintiffs,

-against-

RTS SOLUTIONZ, INC. a/k/a
SOLUTIONZ, INC. and as successor
to and Real Time Services, Inc.;
BILL WARNICK, CEO; JILL
ARMAND, President; and Kylee
CHEENEY, V.P. Human Resources,
Individually,

                             Defendants.

------------------------------------------------------------------------X

DOCKET NO.:

**NOTICE OF REMOVAL**

**Supreme Court of New York,
Bronx County**

Index No.: 807462/2022E

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK:**

      Defendants RTS Solutionz, Inc. ("RTS Solutionz"); Bill Warnick ("Warnick"); Jill

Armand ("Armand") and Kylee Cheeney ("Cheeney"), by their attorneys, Chuhak & Tecson,

P.C., upon information and belief, respectfully petition the Court, pursuant to 28 U.S.C. §§1332,

and 1441, respectfully submit this Notice of Removal pursuant to 28 U.S.C. §1446, and state  as

follows:

      1.      On or about May 16, 2022, the civil action captioned *Faustino Pujols and Russ*

*Deckler v. RTS Solutionz, Inc.*, et al. was commenced and is now pending in the Supreme Court

of the State of New York, Bronx County, bearing index number 807462/2022E. A trial has not

yet been had therein. True and correct copies of the Summons and Verified Complaint are

attached hereto as **Exhibit A**.

      2.      Defendants William Warnick, Kylee Cheeney, and Jill Armand submit affidavits

in support of this Notice of Removal. True and correct copies of the Warnick affidavit, Cheeney

affidavit, and Armand affidavit attached hereto as **Exhibit B**, **Exhibit C**, and **Exhibit D**, respectively.

3.      Defendants received from Plaintiffs copies of the Summons and Verified Complaint via U.S. Mail at RTS Solutionz's office at 1029 N. Swarthmore Ave., Pacific Palisades, California 90272 (the "Swarthmore Address"). Defendant Cheeney received the Summons and Verified Complaint at the Swarthmore Address on June 9, 2022 (See, **Exhibit C**, ¶¶3, 5); Ms. Cheeney hand-delivered a copy of the Summons and Verified Complaint addressed to Mr. Warnick and  RTS Solutionz  at the Swarthmore Address  on June 15, 2022 (See **Exhibit B, ¶¶** 3, 5); Ms. Armand received the Summons and Verified Complaint on June 23, 2022 (See **Exhibit** D, ¶3).

4.      Defendants have not answered or otherwise responded to the Verified Complaint, and the deadline for so answering or responding has not yet passed.

5.      The action seeks monetary damages for alleged violations of New York Law § 190 *et seq.* and § 650 *et seq.* related to failures to pay overtime and wages, failures to pay wages on a weekly basis, failures to provide accurate wage statements, failures to provide notice of wage rate, failure to pay for accrued sick hours, improper wage differential, and fraud and conversion as related to wage payments.

6.      Under 28 U.S.C. §1332(a)  "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States[.]"

7.      This action involves a controversy between citizens of different states, in that: (a) plaintiff Faustino Pujols is a citizen and resident of the State of New York (**Exhibit A**, Verified Complaint, ¶5); (b) Plaintiff Russ Deckler is a citizen of the State of New York, residing

in Nassau County (**Exhibit A**, ¶64); (c) Defendant RTS Solutionz is now, and was at the time the action was commenced, incorporated pursuant to the laws of the State of Nevada, with its principal place of business in California (**Exhibit A,** Verified Complaint, ¶8; **Exhibit B**, Warnick Affid. ¶¶7 and 8); (d) Defendant Warnick is a citizen of the State of California (**Exhibit B**, Warnick Affid. ¶2); (e) Defendant Armand is a citizen of the State of Pennsylvania (**Exhibit D**, Armand Affid. ¶2); and (f) Defendant Cheeney is a citizen of the State of California. (**Exhibit C**, Armand Affid. ¶2).

8.      There is complete diversity of citizenship between defendants and plaintiffs, in accordance with 28 U.S.C. §1332(a) and (c)(1).

9.      In addition, the amount in controversy exceeds $75,000, as evidenced by Plaintiffs' Verified Complaint, which seeks total damages and liquidated damages far in excess of $75,000.

10.      Among his claims, Plaintiff Deckler alleges in his First Cause of Action, a claim for unpaid overtime wages of $60.00 per hour (**Exhibit A**, Verified Compl. ¶65, which alleges non-overtime compensation at $40.00 per hour), at 5 hours per week (*Id.,* ¶97) for roughly 191 weeks (March 2017 through October 2020, I*d.,* ¶92).  All of this on its own totals $57,300. Plaintiff Deckler seeks not just those baseline damages, but also liquidated damages under New York Labor Law (*Id.,* ¶103), which are 100% or more of the unpaid wages.  See, NYLL §198 (1-a).  Deckler's First Cause of Action alone seeks over $114,000 in damages.

11.      In addition, Plaintiffs Deckler and Pujols each seek 100% liquidated damages for delayed wages that were paid on a bi-weekly instead of a weekly basis. (*Id.*, ¶121.)

12.      Plaintiff Deckler claims 100% liquidated damages for 93 weeks of late-paid wages. (*Id.*, ¶122.)  Not including his unpaid overtime claims, Plaintiff Deckler claims a wage

equivalent to $40 per hour for 40 hours a week, $1,600 a week. (*Id.*, ¶65.) Accordingly, Plaintiff Deckler's claims related to late paid wages seek a minimum of $148,000.

13.    Similarly, Plaintiff Pujols claims liquidated damages for a total of 148 weeks of late-paid wages. (*Id.*, ¶123.) Excluding Plaintiff Pujols' overtime claims, he asserts that at all time relevant here, he was paid at least a minimum hourly wage of $30 for the first 40 hours of work a week, or $1,200 for a regular 40-hour week. (*Id.*, ¶45)  Accordingly, Plaintiff Pujols is seeking a minimum of $177,600 for late-paid wages.

14.    Thus, it is clear that, although Plaintiffs do not specifically recite a total amount claimed, calculations of the lost overtime wages sought by Plaintiff Deckler and the late paid wages for Plaintiffs Deckler and Pujols over the time period alleged yields a damages demand well in excess of $75,000.

15.    Removal is appropriate pursuant to 28 U.S.C. §§1332 and 1441(a), as the amount in controversy exceeds $75,000.

16.    This Notice is timely under 28 U.S.C. §1446(b) because it is filed within 30 days after the receipt by the defendants of the initial pleading and within 30 days after service of summons upon defendants.

17.    Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1441(a).  The state court action was brought by plaintiffs in Bronx County.

18.    In accordance with 28 U.S.C. §1446(d), Defendants will give written notice of the filing of this Notice of Removal to Plaintiffs' counsel promptly after the filing of this Notice.

19.    In addition, Defendants will file a copy of this Notice of Removal with the Clerk of the New York Supreme Court, Bronx County, in accordance with  28 U.S.C. §1446(d).

- 4 -

20.     By filing this Notice of Removal, Defendants do not waive any defense which may be available to them, specifically including, but not limited to, their right to contest in personam jurisdiction, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

WHEREFORE, Defendants respectfully remove the state court action, *Faustino Pujols and Russ Deckler v. RTS Solutionz, Inc., et al.,* (Index No. 807462/2022E) filed in the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York.

Dated: June 28, 2022

CHUHAK & TECSON, P.C.

By*:      /s/ Daniel J. Fumagalli*

Attorneys for Defendants
RTS Solutionz, Inc.; William Warnick, Individually; Jill Armand, Individually; and Kylee Cheeney, Individually

Daniel J. Fumagalli
Nicholas J. Schuler, Jr.
Chuhak & Tecson, P.C.
120 S. Riverside Plaza, Suite 1700
Chicago, Illinois 60606
Telephone: (312) 855-4330
Facsimile: (312) 444-9027
dfumagalli@chuhak.com
nschuler@chuhak.com