Susan Ghim
Law Office of Susan Ghim
244 Fifth Avenue, Suite 1434
New York, NY 10001
(917) 549-4708 / email: ghimlaw@gmail.com

November 17, 2022

Via ECF
Katherine H. Parker, Magistrate Judge
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:   *Pujols and Deckler v. RTS Solutionz et al.,* 2022 cv 5455 (GHW)
      Motion for Fairness Review and Approval of Settlement Agreement.

Dear Magistrate Judge Parker:

  This office represents the Plaintiffs in the above referenced matter. The parties appeared at an in-person settlement conference before your Honor on or about October 21, 2022. As the court is aware, Plaintiff Russ Deckler only, settled his claims within the above referenced matter against all named Defendants. Plaintiff Deckler only, writes jointly with Defendants to submit this letter setting forth the reasons that the agreed upon settlement agreement in this matter is fair.

  Pursuant to the Settlement Agreement Term Sheet signed by the relevant parties at the October 21, 2022 conference, a copy of the fully executed Agreement is attached as **Exhibit A** for the Court's review. We request that the Court approve the settlement agreement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

  Plaintiff Deckler originally brought this suit in New York State Supreme Court, Bronx County alleging violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a). There was a co-Plaintiff Faustino Pujols in this suit and this settlement pertains only to Plaintiff Deckler. Because Plaintiff Deckler dismisses any claims he would have had under the Fair Labor Standards Act ("FLSA") 29 USC 201 et seq., a *Cheeks* review of the instant settlement agreement is proper. Plaintiff had a potential FLSA claim for a portion of his employment at the time he commenced the state court action. FLSA has a 3 year statute of limitations where the violations by the employer were willful. Plaintiff was employed by Defendant RTS from on or about 2017 through October 2020. The state court action was commenced on or about May 16, 2022 and therefore the time period covered under FLSA would have extended to on or about May 16, 2019. They years 2018 and 2017 would have been covered by NYLL. Because the protections under NYLL were greater than, if not similar under FLSA, Plaintiff Deckler opted to sue in state court for all his state claims.

1

Plaintiff Deckler alleged he was employed by Defendant RTS Solutionz as a Field Technician or manual laborer during the period on or about 2017 through October 2020. Plaintiff Deckler further alleged Defendants engaged in a wide variety of NYLL violations, including but not limited to: 1) misclassification as an exempt employee; and 2) Defendants' failure to pay overtime wages for hours worked beyond 40 hours per week and 3) Defendants' delayed wage payments as Defendant was at all relevant times paid on a bi-weekly basis when non-exempt employees were required to be paid on a weekly basis under NYLL §191.

### I.   The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $75,000.00 to Plaintiff Deckler only, to settle all of his claims only, including attorneys fees as alleged in the Complaint that concern his employment. Of the $75,000 settlement amount, $50,025.00 will be paid to Plaintiff Deckler only, less applicable taxes, and thirty three and one third percent (33 and 1/3 % or .333%) or $24,975.00 will be paid to Plaintiff's attorneys pursuant to the agreement between Plaintiff Deckler and his undersigned counsel. Pursuant to the terms of the agreement, these settlement payments shall be made within 3 days of the court's approval of the agreement.

Defendants do not acknowledge any liability or wrongdoing whatsoever and agreed to this settlement in contemplation of litigation defense costs. Defendants and Plaintiff will also receive a mutual general release of all claims known or unknown by the respective parties to the date of the agreement.

Plaintiff Deckler only, alleged in the subject Complaint that he was entitled to underpayments or non payment of overtime wages. Plaintiff Deckler estimated that if he had recovered in full for his overtime claims, exclusive of attorney's fees, he would be entitled to approximately $103,000. Plaintiff Deckler's net recovery of $50,025 was approximately 53% of his full overtime recovery which was an excellent or successful recovery given that his case was in the early discovery phase of litigation. *See e.g., Pinzon v. Jony Food Corp.*, 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018) ("Settling for even thirty percent of the total potential recovery is significant enough in this case to weigh in favor of approval—particularly in light of the early procedural posture of the case and the value to Plaintiff of receiving such a large lump sum without the risk and delay inherent in litigation."); *see also, Beckert v. Ronirubinov*, 2015 WL 8773460, at *2 (S.D.N.Y. 2015) (settlement of approximately 25% of estimated damages "is a substantial proportion of the maximum possible recovery").

Plaintiff Deckler understood that the central issues concerning his overtime wage claims were disputed and that should he continue to litigate his claims, there was no guarantee he would recover what he believed he was owed in overtime wages. Plaintiff also understood the risk that his delayed wage claims may be subject to appeal based on aspects of the NYLL that may not be settled law by the New York State Court of Appeals. Accordingly, Plaintiff's compromised net settlement amount of for $50,025 was in excess of what he could have recovered had he gone to trail and therefore a fair settlement.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an

2

employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). *See also, Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching'") (citation and internal quotation marks omitted); *Aponte v. Comprehensive Health Mgmt., Inc.,* 2013 U.S. Dist. LEXIS 47637, at *12 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement" [internal citations omitted]) . Furthermore, since Plaintiff is no longer employed by Defendants, coercion and employer overreach wasis unlikely. *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Cisneros v. Schnipper Rest. LLC,* 2014 U.S. Dist. LEXIS 2111, at *2-3 (S.D.N.Y. Jan. 8, 2014) ("Although the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here" [internal citations omitted])

As stated *supra*, Plaintiff Deckler was terminated from his employment on or about October 9, 2020.  As discussed *infra*, this case was highly adversarial and many issues vigorously contested to by the parties.

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

The Second Circuit has held, "[w]here the issue of fees and costs is presented in the context of a complete settlement agreement that includes an agreement with respect to fees and costs, …the inquiry is different as the settlement is submitted for approval, not adjustment or revision. Accordingly, the district court erred here by evaluating the settlement agreement under the lens of a fee application, and then proceeding to rewrite the agreement." *See, Fisher v. SD Prot. Inc*., 948 F3d 593, 606 (2d Cir., 2020) Under the instant settlement agreement, and in accordance with Plaintiff's retainer agreement with undersigned counsel, Plaintiff's counsel will receive $24,975.00 from the settlement funds as attorneys' fees and costs. This $24,975 amount represents 33 and 1/3 % percent of the $75,000 recovery in this litigation as to Plaintiff Deckler only, including  state court filing fees and service costs of $310.88,  This net $24,664.12  attorney's fee amount should be approved, as "[a]n award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases." *Flores v. Anjost Corp.,* 2014 U.S. Dist. LEXIS 11026, at *25 (S.D.N.Y. Jan. 28, 2014); *see also Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). The proposed fee award of one-third should also be approved because it was consensual and agreed to by Plaintiff. *See Mireku*

3

*v. Red Vision Sys., Inc.,* 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (approving settlement and noting the consensual nature of the fee arrangement).

The percentage agreed to in the retainer agreement between Plaintiff and undersigned counsel were reasonable given the outcome of the settlement in which Plaintiff Deckler recovered more than he may have recovered had he gone to trial.  The Second Circuit has held that in the situation where the Court approves a portion of a settlement amount as attorney's fees, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *See, Fisher v. SD Prot. Inc*., 948 F3d 593, 606 (2d Cir., 2020)  As detailed *supra*, a 53% recovery given the early stages of the litigation was a successful recovery as SDNY case law indicated that even a 25% recovery was a significant recovery.  *See, Beckert v. Ronirubinov*, 2015 WL 8773460, at *2 (S.D.N.Y. 2015)  Considering the risks in this case as outlined above, Plaintiff Deckler believed that this settlement was an excellent result, and should be approved as fair.  Undersigned counsel's performance in this matter on behalf of Plaintiff Deckler should also be considered.  *See, Fisher v. SD Prot. Inc*., 948 F3d 593, 606 (2d Cir., 2020)   (The Court instructed, "[m]oreover, the district court should also take into account that LLG engaged in the following tasks: drafting and filing a complaint, discovery…filing several letter motions…engaging in settlement negotiations, …) Attached as **Exhibit B** is the undersigned's Attorney Time Sheet for Plaintiff Deckler only.

The case for Plaintiff Deckler also involved complex litigation issues and was not a run of the mill wage and hour matter.  Defendants have been highly litigious in the instant matter and in the related case.  For instance, prior to the commencement of this action at New York State Supreme Court, Bronx County, a motion to amend the pleadings in related case 20cv10373 (GHW) to add Russ Deckler as a Plaintiff to that existing case brought by Plaintiff Faustino Pujols only, was contested by Defendants.  To make that motion for leave to amend the pleadings, undersigned counsel drafted a letter motion and a proposed amended Fourth Amended Complaint to add claims by Russ Deckler.  That motion to amend the pleadings was denied based on Defendants' opposition that it would prejudice them and delay resolution of Plaintiff Pujols' FLSA/NYLL matter in the related case no. 20cv10373(GHW).  Thereafter, the undersigned counsel drafted a state court complaint and Russ Deckler commenced his NYLL action in state court.  However, despite Defendants' earlier protestations of delay and prejudice, Defendants removed the state case back to this Court and then argued that Plaintiff Deckler's claims were barred based on the doctrine of claim splitting.  Undersigned counsel for Plaintiff Deckler vigorously contested and opposed those claims in a joint initial pre-conference ("IPTC") letter and at the initial pre-trial conference held on or about August 19, 2022. The undersigned counsel's skill and experience in opposing dismissal of Plaintiff Deckler's claims at the IPTC caused Defendants to cease advancing dismissal of Plaintiff Deckler's claims and to request and negotiate the instant settlement in good faith before your Honor.  Undersigned counsel further drafted and filed a consolidation motion on or about October 14, 2022 to consolidate the instant case with the related case in the interest of judicial efficiency which was opposed by Defendants.  Undersigned counsel also prepared a damages calculation and case synopsis for Plaintiff Deckler for the October 21, 2022 settlement conference and attended that conference with Mr. Deckler.

The undersigned attorney's fees billed at a rate of $400 per hour was reasonable.  The total hours worked on Plaintiff Deckler's matter only, up to and including the date of this letter was 73.8 hours totaling in a Lodestar amount of $29,520.  This $29,520 was in excess of the net attorneys fees of $24,664.12 ($24,975 (33 1/3%) less costs of $310.88) and therefore, did not

compromise the Plaintiff's recovery. *See Wolinsky,* 900 F. Supp. 2d at 336-37; *Cisek v Natl. Surface Cleaning, Inc.*, 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest and there was "no reason to conclude that plaintiffs' counsel benefited at the expense of their clients"). Thus, the settlement does not favor Plaintiff's counsel over Plaintiff.

Reasonable attorney rate:  The undersigned counsel for Plaintiff Deckler has approximately twenty years of litigation experience in state and federal courts in the New York City ("NYC") area on labor and employment matters including wage and hour defense and prosecution.  For approximately four (4) years, the undersigned counsel was an associate of a law firm for  that practiced primarily in union side labor law and the remaining experience was obtained as a solo practitioner and wage and hour litigation consultant or of counsel to other NYC law firms.   The undersigned has successfully procured dozens of settlement agreements for clients who were all satisfied with those outcomes.  Based on the number of years of practice and the complexity of issues involved in this case, the undersigned counsel's fee of $400 was reasonable. *See, Hernandez v. El Azteca*, 2021 US Dist LEXIS 236056 at *6 (SDNY, December 9, 2021)(This Court found the rate of $400 per hour for an associate at a small firm in this district and $450 per hour for a managing partner was reasonable) Even if the court reduced the hourly rate to $375 which is also a commonly accepted reasonable rate for partners and associate attorneys with twenty or more years of experience, the total amount of hours spent 73.8 multiplied by this rate results in a total lodestar fee amount of $27,675 which is still over the net attorneys fee amount of $24,664 that was agreed to by Plaintiff Deckler.   Because the fee rate is not solely related to the number of years of experience and this Court may apply a multiplier on the fee for the complexity of issues and degree of success obtained in a matter, undersigned counsel's $400 rate should be construed as reasonable in this case. *See, Brown v. City of New York*, 2020 US Dist. LEXIS 191405 *16-17 (SDNY, October 15, 2020)

Accordingly, this court should approve the attorney's fees portion of the settlement as reasonable as agreed to at the settlement conference, and on the court's settlement agreement term sheet.  As the second circuit has held, "[w]hen presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *See, Fisher v. SD Prot. Inc*., 948 F3d 593, 606 (2d Cir., 2020)  In the instant matter, the attorney's fees portion of the settlement amount was raised, discussed and agreed to by Plaintiff and undersigned counsel and reduced to a writing in their retainer agreement.  Additionally, at the settlement conference on October 21, 2022 before your Honor, Plaintiff Deckler further agreed to 33 and 1/3% of the $75,000 settlement amount being paid to the undersigned for attorneys fees and costs.  This latter agreement was reduced to a writing in the settlement agreement term sheet signed by the parties and their counsel, that stated undersigned counsel would receive $24,975 of the $75,000 settlement amount as attorneys fees and costs.  Attached as **Exhibit C** is a copy of the Settlement Agreement Term Sheet dated October 21, 2022.  Defendants' representative Bill Warnick and their counsel had every opportunity but did not object to this term of the parties' settlement agreement.

5

### III. The Parties' Mutual Non-Disparagement Clause

Defendants insisted on a non-disparagement clause and Plaintiff agreed because it was mutual and there was a carve out for truthful statements about this litigation. [Ex. A ¶9] There is a carve out in the provision which states, " However, nothing contained in this paragraph shall restrict Deckler from engaging in protected activity within the meaning of state and federal employment laws and making statements about the facts of the terms and conditions of his employment with the employer RTS Solutionz that may be construed as negative; and nothing contained in this paragraph shall restrict Deckler's testimony under oath before any administrative tribunal, government agency, court of competent jurisdiction, and/or at a deposition pursuant to a subpoena or other notice."  Since the provision is mutual and there is a carve out for factual or truthful statements that may be construed as negative, the court should approve the disparagement clause as reasonable.  *See, Quic v. Uncle Mario's Brick over Pizza LLC* 2021 US Dist LEXIS 194502 at *5-6 (SDNY, October 7, 2021)

Based on the foregoing, the parties request that your Honor approve the parties' settlement agreement.  Should Your Honor have any questions or concerns regarding this settlement, the undersigned is not available for a conference on the following dates: Nov. 22, 28, 29, Dec. 1 and 2.  The parties thank the Court for its attention to this matter.

**Defendants' Statement**

Defendants' counsel concurs that that the proposed settlement is fair and reasonable. Defendants desire to enter into the proposed settlement agreement to avoid the inconvenience and costs of ongoing litigation. Defendants' counsel refrains from further comment as to other matters mentioned in the Motion .

Respectfully submitted,

/s/ Susan Ghim
_____
Susan Ghim

cc: to all attorneys of record via ECF