120. S. Riverside Plaza, Suite 1700, Chicago, Illinois 60606
t: 312.444.9300   f: 312.444.9027   chuhak.com



Nicholas J. Schuler, Jr.

Writer's Direct Line
312.855.4313

Writer's Email
nschuler@chuhak.com

November 18, 2022

**Via ECF**

The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

      Re:   *Faustino Pujols and Russ Deckler v. RTS Solutionz, Inc., et al.*
             Case No. 22-cv-5455 (KHP) — Request for Stay of Discovery

Dear Judge Parker:

      We respectfully submit this pre-motion letter, on behalf of defendants RTS Solutionz, Inc., Bill Warnick, Jill Armand, and Kylee Wald (née, Cheeney) (collectively, "Defendants") and under Rule I (b) of the Court's Individual Practices, in anticipation of moving, with the Court's permission, for a stay of discovery until after resolution of Defendants' pending Rule 12(c) Motion for Judgment on the Pleadings. Plaintiff does not consent to Defendants' request for a stay.

**Background**

      **20-cv-10373:** On December 10, 2020, Plaintiff Pujols filed his initial complaint before the Southern District of New York, in a case titled *Faustino Pujols v. RTS Solutionz, Inc. a/k/a Solutionz, Inc., Bill Warnick, Kirk R. Fernandez, and Laura Widmaier*, which was assigned docket no. 20-10373 (the "2020 Case"), assigned to Judge Gregory H. Woods. After the initial case filing, Pujols amended his complaint three times. On September 22, 2021, he Court entered its case management plan and scheduling order (ECF Doc. No. 39), which effectively set an October 22, 2021 date, for any further amendments to the complaint. The Court never modified the October 22, 2021 deadline to amend the complaint or add new parties.

      On May 2, 2022, Pujols filed his Motion for Leave to File a Fourth Amended Complaint (ECF Doc. No. 53). The Fourth Amended Complaint sought to: (a) add Russ Deckler as a new plaintiff; (b) add Jill Armand and Klyee Cheeney (now Wald) as defendants; and (c) add five new claims on behalf of Pujols including two new claims under the New York Labor Law, a state law claim of conversion, a state law claim of fraud and/or fraudulent concealment, and a claim under the New York City Sick Leave Act. Defendants filed their letter Response in opposition to the filing of the Fourth Amended Complaint. (ECF Doc. No. 55). After a telephonic hearing on May 13, 2022, the Court denied Pujols' Motion for Leave to File. The Court concluded that plaintiff had not demonstrated good cause because the plaintiff was not



Hon. Katharine H. Parker
November 18, 2022
Page 2

diligent in pursuing certain new claims. On May 13, 2022, the Court entered its formal order denying the Motion for Leave to File the Fourth Amended Complaint.  (ECF Doc. No. 56).

**22-cv-5455:** On May 16, 2022, Plaintiffs' counsel filed an eight-count complaint in New York State Court, which included certain claims on behalf of Russ Deckler and Pujols. Defendants formally removed the state court case to this Court upon Notice of Removal dated June 28, 2022 (Case 22-5455, ECF Doc. No. 1, the "2022 Case"). The Court granted the removal to the Southern District of New York by its Order dated June 30, 2022. (ECF Doc. No. 9).

The complaint in the 2020 Case included five counts involving Pujols that are identical to the five counts relating to Pujols in the proposed fourth amended complaint that was rejected by the Court in its May 13, 2022 order.

**Recent events in the 2020 and 2022 Cases.**

Fact discovery in the 2020 Case closed on July 28, 2022.  (ECF Doc. No. 71.)

In the 2022 Case, Defendants filed their Rule 12(c) Motion for Judgment on the Pleadings (ECF Doc. No. 26) on September 12, 2022, requesting the dismissal of all of Plaintiff Pujols' five claims and dismissal of Defendants Armand and Cheeney from all counts, based upon the doctrines of claim preclusion and claim-splitting. Plaintiffs filed their Response on October 5, 2022 (ECF Doc. No. 33) and Defendants filed their Reply on October 12, 2022 (ECF Doc. No. 34).  On October 13, 2022, Defendants' counsel sent courtesy copies of the motion, Response and Reply to the Court by overnight delivery.

On November 16, 2022, the parties in the 2020 Case consented to have all proceedings conducted before Your Honor (ECF Doc. No. 81), and on November 17, 2022, the case was referred to Your Honor (ECF Doc. No. 82).

On November 16, 2022, the parties in the 2022 Case consented to have all proceeding conduced before Your Honor (ECF Doc. No. 47), and on November 17, 2022, the case was referred to Your Honor (ECF Doc. No. 48). On November 17, 2022, Plaintiff Deckler submitted his Motion for Fairness Review and Approval of Settlement Agreement (ECF Doc. No. 49).

As of the date of this letter, there has been no ruling on Defendants' Motion for Judgment on the Pleadings.

Pursuant to the Civil Case Management Plan and Scheduling Order in the 2022 Case (ECF Doc. No. 21), depositions are to be completed by December 31, 2022 and all fact discovery is to close by January 17, 2023. Parties have exchanged written discovery and are in the process of responding. Plaintiff Pujols has noticed two depositions and issued subpoenas for at least two third-party witnesses.

4890-3667-7695.v1.28535.74718



Hon. Katharine H. Parker
November 18, 2022
Page 3

**Stay of discovery is warranted.**

      Under Fed.R. Civ. P. 26(c), a court has discretion to stay discovery "for good cause." "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y.2002). Defendants respectfully request that discovery in the 2022 Case be stayed pending a ruling on their Motion. Courts routinely stay discovery where the motion at issue is "potentially dispositive, and appears to be not unfounded in the law," and where there is no suggestion that the plaintiffs "will be unfairly prejudiced by a stay." *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). A stay is particularly appropriate where the pending motion "could be dispositive of [the] entire action," *Am. Booksellers Ass'n, Inc. v. Houghton Mifflin Co.,* 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995), and where the pending motion raises purely legal issues, as opposed to "issues relating to the 'sufficiency' of the allegations" that could be expected to be cured with an amended pleading. *United States v. Cty. of Nassau,* 188 F.R.D. 187, 188 (E.D.N.Y.1999). Defendants' Rule 12(c) Motion, based on claim preclusion and claim splitting, does not involve issues that could be cured by an amended pleading.

      The grounds for a stay are compelling here because a ruling in favor of Defendants would dispose of the entire 2022 case. Plaintiff Deckler has settled all of his claims against Defendants. Only the five claims of Plaintiff Pujols remain in the 2022 Case. Defendants have a potentially dispositive motion pending, which has been fully briefed as of October 12, 2022. Plaintiff Pujols will not be unduly prejudiced by staying discovery for only the time it takes the Court here to review and reach its decision. *See, e.g., Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.* 2008 WL 11510668 at *2 (S.D.N.Y. June 12, 2008) (granting stay of discovery where "the proposed length of the stay is limited to the time required for the Court to decide the motions").

      In light of the fully dispositive nature of Defendants' pending motion, any further discovery, such as responding to Plaintiff's numerous demands for documents and defending depositions, would be unduly burdensome on Defendants, and a waste of the Court's and the parties' resources.

      Based on the foregoing, Defendants respectfully request that the Court stay all discovery pending the resolution of Defendant's pending Rule 12(c) Motion for Judgment on the Pleadings.

      Respectfully submitted,

      /s/ Nicholas J. Schuler, Jr.

Cc:  Via ECF and email
      Susan Ghim (sghim@ghimlaw.com)
      *Plaintiff's Counsel*

Plaintiff's Counsel shall file a letter in reply by **Tuesday, November 29, 2022**.

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   11/21/2022

4890-3667-7695.v1.28535.74718